Wachtler, J.
 

 The unlawful discrimination committed in this case was blatant and intolerable. After being invited on the premises of the Moose Lodge for a fashion show, the black complainants were refused service at the private bar. White nonmembers who also attended the fashion show were freely served at the same bar. In addition several black complainants were verbally abused. It is evident that such conduct perpetrated in a place used as a public accommodation cannot be tolerated.
 

 The Commissioner of the Human Rights Division found there was enough corroborative evidence produced to warrant awarding each claimant $250 in compensatory damages.
 

 The majority of the Appellate Division modified the determination of the commissioner by striking out the damage award as being punitive in nature. The court implied that an award for compensatory damages required as a
 
 sine qua non
 
 proof of out of pocket expenses: “ there is no evidence that any respondent was put to expense or lost earnings or suffered any measurable damage by reason of the discrimination.”
 

 We do not agree that such a showing is necessary in order to validate an award for compensatory damages. For the most part we agree with the dissenters in the Appellate Division and the standards which they have spelled out for determining when damages for mental anguish may be awarded. However, recovery should not be based solely on common-law strictures as would be applied in determining liability for a tort. Recovery here, instead, is based on a statute which effectuates a State policy against discrimination.
 

 We have previously had occasion to speak of the strength and importance of the State’s policy in combating discrimination (see, e.g.,
 
 Gaynor
 
 v.
 
 Rockefeller,
 
 15 N Y 2d 120;
 
 Matter of Holland
 
 v.
 
 Edwards,
 
 307 N. Y. 38; cf.
 
 Matter of National Organization for Women
 
 v.
 
 State Div. of Human Rights,
 
 34
 
 *146
 
 N Y 2d 416), and there can be no doubt that the extensive powers granted to the Division of Human Bights in the Executive Law reflect the broad thrust of this fundamental policy (Executive Law, § 295). Indeed, it was “ undoubtedly, the need for a programmatic enforcement of the anti-discrimination laws which prompted the Legislature to create the State Commission for Human Bights and to vest it with broad powers to eliminate specified
 
 ‘
 
 unlawful discriminatory practices ’ ”
 
 (Gaynor, supra,
 
 p. 132; see, also, Executive Law, § 296). Thus, the division is empowered to take appropriate action to eliminate and prevent discriminatory practices (Executive Law, § 297), and, if upon investigation, it finds that the statute has been violated, it is authorized to impose a variety of sanctions, including the “ awarding of compensatory damages to the person aggrieved by such practice, as, in the judgment of the división, will effectuate the purposes of this article ” (Executive Law, § 297, subd. 4, par, c).
 

 In
 
 Matter of State Comm. for Human Rights
 
 v.
 
 Speer
 
 (29 N Y 2d, 555) we held that the statute did authorize the awarding of compensatory damages for mental suffering and anguish to aggrieved individuals. There is nothing in the statute which would suggest that the commissioner does not have the power to make such an award and “ there is no exception carved out of the term ‘ compensatory damages ’, removing his power to give an award for mental suffering as a traditional component of fair compensation ” (dissent of Hopkins, J., 35 A D 2d 107, 113).
 

 The extremely strong statutory policy of eliminating discrimination gives the Commissioner of the Human Bights Division more discretion in effecting an appropriate remedy than he would have under strict common-law principles. The main goal of the common-law right spelled out by the dissenters below was to provide private remedies. In the case at bar, the right is statutory and involves a vindication of a public policy as well as a vindication of a particular individual’s rights.
 

 We do not hold in this case that the commissioner may award what would amount to punitive damages solely on the finding that an unlawful discrimination had occurred (see
 
 Matter o
 
 f
 
 State Dvv. of Human Rights
 
 v.
 
 Luppino
 
 35 A D 2d 107, affd.
 
 *147
 
 29 N Y 2d 558). What we do hold is that due to the strong anti-discrimination policy spelled out by the Legislature of this State, an aggrieved individual need not produce the quantum and quality of evidence to prove compensatory damages he would have had to produce under an analogous provision, and this is particularly so where, as here, the discriminatory act is intentionally committed. The evidence produced in this case was adequate to meet the statutory standard and support the commissioner’s determination. In addition, the size of the award was not unreasonably large under the circumstances. In all other respects we reverse on the dissent in the Appellate Division. *
 

 Chief Judge Bbbitbl and Judges Jasen, Gabbielli, Jones, Babin arid Stevens concur.
 

 Order insofar as appealed from reversed, with costs, and so much of the order of the State Human Bights Appeal Board as affirmed the award of damages, reinstated.