■ STATE DIVISION OF HUMAN RIGHTS, on the Complaint of CARMEN C. TORRES and Another, Respondent, v IRISH FARMS et al., Petitioners.—Determination unanimously confirmed, without costs, petition dismissed and cross motion for enforcement granted. Memorandum: In this proceeding instituted pursuant to section 298 of the Executive Law, petitioners seek to annul an order of the State Human Rights Appeal Board which affirmed a determination of the State Division of Human Rights that petitioners had discriminated against Carmen C. Torres and Sonia Torres on account of their sex in refusing to hire them as apple pickers. The appeal board also confirmed the division's award of $756 in compensatory damages to each of the complainants, computed on the basis of $36 per day for 21 apple-picking days between September 14, 1976 and October 18, 1976. Section 296 (subd 1, par [a]) of the Executive Law declares that it shall be an unlawful discriminatory practice for an employer to refuse to hire an individual because of sex. If the findings of fact forming the basis of the division's determination are "supported by sufficient evidence on the record considered as a whole", they are conclusive (Executive Law, § 298) and the order of the appeal board should not be disturbed *(City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 424). Whether an administrative agency determination is shored up by substantial evidence is a question of law to be decided by the courts *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181). We are required to review the whole record to determine whether there is a rational basis for the findings of fact supporting the agency's decision *(300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra,* p 182). The evidence is undisputed that on September 13, 1976 when the complainants arrived at petitioners' premises to seek employment as apple pickers, they were told by petitioner Amos Irish that "no women" would be hired. Additionally, even though it is conceded that petitioners had a full complement of apple pickers working on the farm on September 13, it is clear from the testimony of Mrs. Irish that neither she nor her husband would have employed the female complainants on succeeding apple-picking days. Although Mrs. Irish testified that the trees to be picked were large

standard trees and that in her view the women were incapable of moving the ladders and doing the work required to be done, the division's finding that petitioners failed to establish sex as a bona fide occupational qualification has a rational basis in the record. Each of the complainants had prior experience as apple pickers. On the issue of damages, the division relied not only upon Mrs. Irish's testimony but also upon an employee working schedule attached to petitioners' counsel's letter of May 19, 1977 to conclude that the apple pickers were newly employed each day on a daily basis and that during the 1976 season there were 22 actual apple-picking days. The parties stipulated that a good apple picker could earn $36 per day. The division's award of compensatory damages, computed on the basis of 21 days, takes into account and accepts petitioners' assertion that they had a sufficient number of employees working the trees when complainants arrived at the farm on the early morning of September 13, 1976. The conclusion that the female complainants would have been refused work on each of the succeeding apple-picking days is fully supported in the record. The commissioner is empowered to award compensatory damages to persons aggrieved by a discriminatory practice (Executive Law, § 297, subd 4, par c). In view of the strong statutory policy to be effected by the Human Rights Law, the commissioner's award of damages should not be disturbed (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 184, *supra;* see, also, *Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights*, 35 NY2d 143, 147). (Proceeding pursuant to Executive Law, § 298.) Present—Dillon, P. J., Schnepp, Callahan, Witmer and Moule, JJ.