■ In the Matter of Cosmos Forms, Ltd., Petitioner, v State Division of Human Rights et al., Respondents.—Proceeding pursuant to Executive Law § 298 to review a determination of the respondent New York State Division of Human Rights, dated January 5, 1988, which, after a hearing, found that the petitioner had discriminated against the complainant Marlene Alam because of her race and color and awarded compensatory damages in the sum of $35,000 for mental anguish and back pay.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the second and third decretal paragraphs of the determination are annulled, the determination is otherwise confirmed, and the proceeding otherwise dismissed on the merits, and the matter is remitted to the respondent New York State Division of Human Rights for a new assessment of compensatory damages consistent with this decision.

The determination that the petitioner discriminated against the complainant on the basis of race, terminating her employment in violation of Executive Law § 296, is supported by substantial evidence in the record *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

It is well settled that an award of compensatory damages to a person aggrieved by an illegal discriminatory practice may include compensation for mental anguish *(see; Matter of Board of Educ. v McCall,* 108 AD2d 855), and that an award may be based solely on the complainant's testimony *(see, Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492). However, in this case, notwithstanding the constant and blatant nature of the racial discrimination against the complainant, where the sole evidence of mental anguish was the complainant's own testimony that she was "[e]motionally and physically screwed up", without any evidence of the duration of her condition, its severity or consequences and without evidence of any treatment, we find the award of $35,000 for mental anguish grossly excessive and recommend on remittitur that a new award not to exceed $5,000 be made *(see, Matter of Bayport-Blue Point*

*School Dist. v State Div. of Human Rights,* 131 AD2d 849; *Catalina Beach Club v State Div. of Human Rights,* 95 AD2d 766; *cf., Matter of Trans World Airlines v New York Executive Dept., State Div. of Human Rights,* 147 AD2d 575; *SUNY Coll. of Envtl. Science & Forestry v State Div. of Human Rights,* 144 AD2d 962; *see also, Matter of Almeter v State Div. of Human Rights,* 133 AD2d 530, 531).

We further find that the award of back pay from the complainant's discharge in February 1985 until her reinstatement by the petitioner constitutes a punitive assessment against the petitioner rather than compensation. The record indicates that the complainant obtained new employment at the same pay in July 1985. The Division may not award what would amount to punitive damages solely on the finding that unlawful discrimination occurred *(see, Batavia Lodge No. 196 v New York State Div. of Human Rights,* 35 NY2d 143, 146). The award of back pay must, therefore, be reduced to cover only the period that the complainant was out of work as a result of her unlawful discharge. However, the Division did not abuse its discretion in ordering the petitioner to reinstate the complainant *(see, Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 71 NY2d 623, 634).

Finally, we find that the three-year period between the filing of the complaint in 1985 and the issuance of the Division's determination in 1988 did not operate to divest the Division of jurisdiction. Absent a showing of substantial prejudice, the time limitations enunciated in Executive Law § 297 are directory and not mandatory *(see, Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816; *Art Leather Mfg. Co. v State Div. of Human Rights,* 144 AD2d 406). Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.