■ In the Matter of VAN CLEFF REALTY, INC., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. [627 NYS2d 744] —Proceeding pursuant to Executive Law § 298 to review an order of the New York State Division of Human Rights dated March 22, 1993, which, after a hearing, found that the petitioner had discriminated in the rental of available housing on the basis of race and awarded the complainants $30,000 in compensatory damages for mental anguish and $10,000 in punitive damages.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of deleting the award of $30,000 in compensatory damages and the order is otherwise confirmed, the proceeding is otherwise dismissed on the merits and the matter is remitted to the respondent for the imposition of a new award of compensatory damages not to exceed $5,000.

Contrary to the petitioner's contention, upon our review of the record we find that the determination of the New York State Division of Human Rights (hereinafter the DHR) is supported by substantial evidence. While the petitioner presented some evidence which could be regarded as casting doubt on a claim that it discriminated in the rental of housing, the DHR's determination is "conclusive if supported by sufficient evidence on the record considered as a whole" (Executive Law § 298). "We may not weigh the evidence or reject [the DHR's determi-

nation] where the evidence is conflicting and room for a choice exists. When a rational basis for the conclusion approved by the [DHR] is found, the judicial function is exhausted" *(Matter of CUNY-Hostos Community Coll. v State Human Rights Appeal Bd., 59 NY2d 69, 75; see also, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 180-181).*

Nevertheless, we find that the award of $30,000 in compensatory damages is excessive. In order to sustain an award of damages for mental anguish, there must be evidence that the mental anguish was caused by the discriminatory practice, and there must be some evidence of the magnitude of the injury *(see, Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 216-217; Matter of Horgan v New York State Div. of Human Rights, 194 AD2d 674, 676).*

The couple involved herein, while experiencing a form of racial steering in the rental of housing, were not subjected to prolonged discrimination. Their contact with the petitioner was limited to a one-time encounter, and the petitioner's conduct did not affect their ability to find housing. Indeed, the couple was able to find an apartment that same day. Nor were they subjected to rude or egregious racial epithets. Furthermore, the complainants adduced no evidence as to the duration or magnitude of their mental anguish. Their testimony was limited to a single assertion each of the distress they felt. Therefore, a $30,000 award for compensatory damages is not reasonably related to the petitioner's wrongdoing, and we remit the matter to the DHR for the imposition of a new award of compensatory damages not to exceed $5,000 *(Matter of New York City Tr. Auth. v State Div. of Human Rights, supra; see also, Matter of Cosmos Forms v State Div. of Human Rights, 150 AD2d 442).*

Since the DHR has been vested with broad powers to fulfill "[t]he extremely strong statutory policy of eliminating discrimination" *(see, Batavia Lodge No. 196 v New York State Div. of Human Rights, 35 NY2d 143, 146),* the punitive damages award will not be disturbed.

The petitioner's claim that neither it nor the male complainant were proper parties to the administrative proceeding is not properly before us since the petitioner has failed to show that extraordinary circumstances prevented it from raising this claim before the DHR *(see, Matter of Club Swamp Annex v White, 167 AD2d 400, 402; Executive Law § 298).* Balletta, J. P., O'Brien, Altman and Krausman, JJ., concur.