■ State Division of Human Rights, on Complaint of Eugene McKiever, Petitioner, v Dynasty Hotel, Respondent. [635 NYS2d 204] —Petition, pursuant to Executive Law § 298, transferred to this Court by order of the Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about May 10, 1994, which seeks review of a determination of the State Division of Human Rights dated January 26, 1994, finding that respondent residential hotel discriminated against complainant on the basis of his race and awarding him $20,000 in compensatory damages and $5,000 in punitive damages, unanimously granted, and the determination modified, to the extent of reducing the award for compensatory damages to $7,500 and vacating the award of punitive damages and, except as so modified, confirmed, without costs.

The Division of Human Rights' finding that the Dynasty Hotel discriminated against complainant, a black man, by failing to rent a room to him although it offered a room to a white friend of his the same day he inquired, was supported by substantial evidence (*see, Matter of Imperial Diner v State Human Rights Appeal Bd.*, 52 NY2d 72, 77). Notwithstanding the inconsistencies in complainant's testimony and the contradictory statements of a witness for the hotel, the reviewing court may not substitute its judgment for that of the agency or pass on the credibility of witnesses where conflicting evidence exists (*see, State Div. of Human Rights v Rochester Prods. Div.*, 112 AD2d 785, 785-786).

. The compensatory damage award, which is twice that recommended by the Administrative Law Judge, and the punitive damages awarded against the hotel for "[c]onscious and repeated disregard for Complainant's human rights" are not supported by the record. A statement made by complainant to a Division of Human Rights employee during an intake interview, recorded in a memorandum and subsequently admitted into evidence as a business record, indicates that he initially complained of being offered only transient instead of permanent accommodations, not that he was denied any room whatsoever. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ. .