■ In the Matter of GREENVILLE BOARD OF FIRE COMMISSIONERS, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [716 NYS2d 685] —Proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated February 18, 1999, modifying a decision of an Administrative Law Judge dated July 27, 1992, finding that the petitioner discriminated against the respondent Marie C. Capria Gordineer by denying her employment because of her sex and recommending, *inter alia,* that the petitioner pay $100,000 to the respondent Marie C. Capria Gordineer and consider her for employment for a period of four years, by directing, *inter alia,* that the petitioner pay $100,000 to the respondent Marie C. Capria Gordineer and consider her for employment for a period of one year, and cross petition by Marie C. Capria Gordineer, in effect, to enforce the determination of the New York State Division of Human Rights.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent of annulling that portion of the determination which directed the petitioner to pay $100,000 to the respondent Marie C. Capria Gordineer; the determination is otherwise confirmed, the petition and cross petition are otherwise dismissed on the merits, and the matter is remitted to the New York State Division of Human Rights for the imposition of a new award for mental anguish not to exceed $50,000.

While the finding that the petitioner discriminated against the respondent on the basis of sex is supported by substantial evidence in the record (*see, Matter of State Div. of Human Rights [Granelle],* 70 NY2d 100), the award of compensatory damages is excessive. The testimony of the respondent Marie

C. Capria Gordineer established that she suffered mental anguish which manifested itself physically as irritable bowel syndrome and amenorrhea. Her doctor's testimony provided some support for the assertion that the conditions were related to stress caused by the petitioner's discriminatory practices. However, the record also indicates that the irritable bowel syndrome could have been a preexisting condition. Consequently, an award up to $50,000 is consistent with the record (see, Matter of Town of Lumberland v New York State Div. of Human Rights, 229 AD2d 631; Gleason v Callanan Indus., 203 AD2d 750). Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur.