In the Matter of ONE OVERLOOK AVENUE CORP., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. [777 NYS2d 696]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated March 31, 2003, which, after a hearing, found, inter alia, that notwithstanding the petitioner's rules, the complainant, a resident in a cooperative apartment building owned by the petitioner, could keep the dog she had obtained as a reasonable accommodation for her son's disability.

Adjudged that the petition is granted, on the law, with costs, and the determination is annulled.

The complainant in this matter charged the petitioner, a co-operative apartment building, with an unlawful discriminatory practice pursuant Executive Law § 296 (Human Rights Law). She contends that her son suffers from dysthymia, a form of depression. Because of this disability, she contends that her son should be allowed a reasonable accommodation from the petitioner's rules, which prohibit the ownership of dogs, so that he may keep a companion dog in the apartment in order to alleviate his depression and thus use and enjoy the apartment.

To show that a violation of the Human Rights Law occurred and that a reasonable accommodation should have been made, the complainant must demonstrate that her son was disabled, that he was otherwise qualified for the tenancy, that because of his disability it was necessary for him to keep the dog in order for him to use and enjoy the apartment, and that reasonable accommodations can be made to allow him to keep the dog (*see Crossroads Apts. Assoc. v LeBoo,* 152 Misc 2d 830, 834-835 [1991]).

Here, the complainant failed to demonstrate through either medical or psychological expert testimony or evidence that her son required a dog in order for him to use and enjoy the apartment. Accordingly, the respondent's determination was not supported by substantial evidence (*see Matter of Lahey v Kelly,* 71 NY2d 135 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]). Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.