In the Matter of AMR SERVICES CORPORATION, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [783 NYS2d 61]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights, dated December 16, 2002, which, after a hearing, (1) found that the complainant was (a) subjected to a hostile work environment, (b) retaliated against for having engaged in protected activities, (c) demoted because of his race, and (d) terminated from his employment because of his race, and (2) awarded the complainant, inter alia, compensatory damages in the sum of $100,000 for mental anguish and humiliation.

Adjudged that the petition is granted, on the law and as a matter of discretion, without costs or disbursements, to the extent of annulling those portions of the determination finding that the complainant was subjected to a hostile work environment, finding that he had been demoted because of his race, and awarding him compensatory damages in the sum of

$100,000 for mental anguish and humiliation, and substituting therefor a provision awarding the complainant the sum of $50,000 as compensatory damages for mental anguish and humiliation; the determination is otherwise confirmed, and the proceeding is otherwise dismissed on the merits.

Under the circumstances of this case, the Commissioner of the New York State Division of Human Rights (hereinafter the Commissioner) should not have entertained the complainant's hostile work environment claim, as it was first raised in a post-hearing memorandum of law, over nine years after he filed his administrative complaint (*see Jochnowitz v Sheehan*, 42 AD2d 707 [1973]).

In addition, the Commissioner improperly determined that the complainant was demoted because of his race. The demotion occurred more than a year before the administrative complaint was filed (*see* Executive Law § 297 [5]). Accordingly, any claim based on the demotion was time-barred (*see National R.R. Passenger Corp. v Morgan*, 536 US 101, 110 [2002]).

In addition, under the circumstances of this case, the award of $100,000. as compensatory damages is excessive. The complainant testified that he was "extremely depressed" as a result of his termination. In August 1994, over five years after he was fired, he went to the emergency room at New York Hospital, where he was evaluated by Dr. Michael Kaplowitz, a psychiatrist, and diagnosed with a "major depressive disorder." Dr. Kaplowitz testified that one of the "stressors" the complainant cited as responsible for his depression was his termination from the petitioner's employ. However, Dr. Kaplowitz also testified that factors unrelated to the complainant's termination, including but not limited to his divorce, and the "burden" of raising four children, could be additional stressors that contributed to his depression. Therefore, based upon the foregoing, an award of $50,000 is consistent with the record (*see Matter of Greenville Bd. of Fire Commrs. v New York State Div. of Human Rights*, 277 AD2d 314 [2000]).

The petitioner's remaining contentions either need not be addressed in light of the foregoing determination, or are without merit. Ritter, J.P., H. Miller, Goldstein and Mastro, JJ., concur.