In the Matter of KENNEDY STREET QUAD, LTD., et al., Petitioners, v VICKI NATHANSON et al., Respondents. [879 NYS2d 197]—

Proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated April 12, 2007, which confirmed the recommendation of an administrative law judge dated February 7, 2007, made after a hearing, finding that the petitioner Kennedy Street Quad, Ltd., discriminated against the complainants in the terms, conditions, and privileges of a rental housing accommodation because of disability, directed the petitioner Kennedy Street Quad, Ltd., to make reasonable accommodations in the housing of the complainants with respect to their disabilities by withdrawing any eviction proceedings commenced against them and allowing them to keep a dog in their apartment, and awarded the complainants the sum of $7,500 in compensatory damages.

Adjudged that the petition is granted, on the law, with costs, and the determination is annulled.

The complainants Vicki Nathanson and Arthur Nathanson have lived at 209-39 23rd Avenue in Bayside for more than 30 years, and they are shareholders in the petitioner cooperative housing corporation Kennedy Street Quad, Ltd. (hereinafter the Coop). Both of the complainants suffer from kidney problems and depression. In 2004 they acquired a dog, in violation of the

Coop's "no dogs" policy. The Coop commenced eviction proceedings, and the complainants filed an administrative complaint with the New York State Division of Human Rights (hereinafter the SDHR) in response, alleging, inter alia, that they should be allowed to keep the dog as a reasonable accommodation for their disabilities. At the ensuing hearing, the complainants presented evidence from physicians and from a psychologist, demonstrating that having the dog in the apartment helped ameliorate their symptoms of depression.

An administrative law judge (hereinafter ALJ) of the SDHR found that the Coop discriminated against the complainants in the terms, conditions, and privileges of their housing on the basis of their disabilities, and that they should be allowed to keep the dog in their apartment as a reasonable accommodation for those disabilities. The Commissioner of the SDHR adopted the ALJ's recommendations, directed the Coop, among other things, to allow the complainants to keep the dog, and awarded them the sum of $7,500 in compensatory damages.

To establish that a violation of the Human Rights Law (Executive Law art 15) occurred and that a reasonable accommodation should have been made, the complainants must demonstrate that they are disabled, that they are otherwise qualified for the tenancy, that because of their disability it is necessary for them to keep the dog in order for them to use and enjoy the apartment, and that reasonable accommodations could be made to allow them to keep the dog (*see* Executive Law § 296 [2] [a]; *Matter of One Overlook Ave. Corp. v New York State Div. of Human Rights*, 8 AD3d 286, 287 [2004]).

Here, the complainants submitted evidence that the dog helped them with their symptoms of depression. Nonetheless, they failed to present any medical or psychological evidence to demonstrate that the dog was actually necessary in order for them to enjoy the apartment. Accordingly, the SDHR's determination was not supported by substantial evidence (*see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of 105 Northgate Coop. v Donaldson*, 54 AD3d 414, 416 [2008]; *Matter of Genovese Drug Stores, Inc. v Harper*, 49 AD3d 735 [2008]; *Matter of One Overlook Ave. Corp. v New York State Div. of Human Rights*, 8 AD3d 286 [2004]). Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.