■ In the Matter of SUFFOLK COUNTY COMMUNITY COLLEGE et al., Respondents, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent/Cross Petitioner. BRUCE SIMMONS, Respondent on the Cross Petition. [904 NYS2d 753]—

Proceeding pursuant to Executive Law § 298 to review a determination of the Commissioner of the New York State Division of Human Rights dated February 7, 2008, which adopted the recommendation of an Administrative Law Judge dated January 15, 2008, made after a hearing, inter alia, finding that the petitioner Suffolk County Community College engaged in unlawful racially discriminatory practices against one of its employees and retaliated against him, and awarding that employee compensatory damages in the sum of $50,000, and the New York State Division of Human Rights cross-petitions pursuant to Executive Law § 298 to enforce the determination. By decision and judgment dated April 21, 2009, the petition of Suffolk County Community College and Suffolk County Department of Civil Service was dismissed, the cross petition of the New York State Division of Human Rights was denied, the determination dated February 7, 2008, was annulled, and the administrative complaint was dismissed (*see Matter of Suffolk County Community Coll. v New York State Div. of Human Rights*, 61 AD3d 881 [2009]). By order of the Court of Appeals dated February 23, 2010 (14 NY3d 762 [2010]), the decision and judgment of this Court was reversed insofar as it annulled the determination dated February 7, 2008, on the ground that the determination was not supported by substantial evidence, and the matter was remitted to this Court for consideration and determination of issues raised but not determined in the proceedings before this Court.

Adjudged that the branch of the cross petition which was to enforce so much of the determination as awarded compensatory damages in the sum of $50,000 is denied, on the law and the facts, without costs or disbursements, the determination is otherwise confirmed, and the matter is remitted to the New York State Division of Human Rights for a new award of compensatory damages not to exceed the sum of $5,000.

The award of $50,000 in compensatory damages must be reduced. The complainant failed to demonstrate the duration, severity, or consequences of any mental anguish he suffered as a result of any incidents evidencing racially discriminatory practices engaged in by the petitioners or their employees (*see Matter of New York City Health & Hosps. Corp. v New York State Div. of Human Rights*, 236 AD2d 310 [1997]; *Matter of Port Wash. Police Dist. v State Div. of Human Rights*, 221 AD2d 639 [1995]; *Matter of Manhattan & Bronx Surface Tr. Operating*

*Auth. v New York State Exec. Dept.*, 220 AD2d 668 [1995]; *Matter of Quality Care v Rosa*, 194 AD2d 610 [1993]). To the contrary, the complainant's claims of mental anguish and post-traumatic stress are not connected to incidents of racial discrimination but, rather, are connected to an accident on January 17, 2003, in which an aluminum cover of a salt spreader fell on the complainant's nose, as well as to a workers' compensation proceeding related to that accident (*see Matter of A.S.A.P. Personnel Servs. v Rosa*, 219 AD2d 648 [1995]). Comparing this case to similar cases, we find that an award in the sum of $50,000 for mental anguish was excessive and, thus, we remit this matter to the New York State Division of Human Rights for a new award for mental anguish not to exceed the sum of $5,000 (*see Matter of Cosmos Forms v State Div. of Human Rights*, 150 AD2d 442 [1989]). Covello, J.P., Santucci, Florio and Dickerson, JJ., concur.