■ In the Matter of JOHN MURPHY, Petitioner/Cross-Respondent, v GALEN D. KIRKLAND, as Commissioner of New York State Division of Human Rights, et al., Respondents/Cross-Petitioners, et al., Respondent, et al., Cross-Respondent. [930 NYS2d 285]—

To establish a prima facie case of retaliation, the complainant Ronald Maher was required to show that "(1) [he] has engaged in activity protected by Executive Law § 296, (2) [the employer] was aware that [he] participated in the protected activity, (3) [he] suffered from a disadvantageous employment action based upon [his] activity, and (4) there is a causal connection between the protected activity and the adverse action taken by [the employer]" (*Pace v Ogden Servs. Corp.*, 257 AD2d 101, 104 [1999]; *see Cesar v Highland Care Ctr., Inc.*, 37 AD3d 393, 394 [2007]). "Once this initial showing is met, the burden then shifts to petitioner to present legitimate, independent and nondiscriminatory reasons to support [its] actions. Assuming petitioner meets this burden, [the complainant] would then have the obligation to show that the reasons put forth . . . were merely a pretext" (*Matter of Board of Educ. of New Paltz Cent. School Dist. v Donaldson*, 41 AD3d 1138, 1140 [2007] [citation and internal quotation marks omitted]).

Here, the determination adopted by the Commissioner of the New York State Division of Human Rights that Alliance Mortgage Banking Corp. (hereinafter Alliance) and John Murphy, Alliance's president and sole shareholder, retaliated against Maher for opposing a supervisor's sexual harassment of another employee is supported by substantial evidence in the record (*see Noho Star Inc. v New York State Div. of Human Rights*, 72 AD3d 448, 449 [2010]; *Sorrentino v Bohbot Entertainment & Media*, 265 AD2d 245 [1999]).

Moreover, the Commissioner properly determined that

Murphy is individually liable to the complainant based on his ownership interest in Alliance (*see Patrowich v Chemical Bank*, 63 NY2d 541, 542 [1984]; *Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights*, 71 AD3d 890, 891 [2010]; *Matter of State Div. of Human Rights v Koch*, 60 AD3d 777, 777-778 [2009]).

The award of the principal sum of $79,827 in back pay is supported by substantial evidence (*see Matter of State of New York v New York State Div. of Human Rights*, 284 AD2d 882, 884 [2001]). Additionally, the award of the principal sum of $50,000 for mental anguish "is reasonably related to the wrongdoing, supported by substantial evidence, and similar to comparable awards for similar injuries" (*Matter of Columbia Sussex Corp. v New York State Div. of Human Rights*, 63 AD3d 736 [2009]; *see Matter of AMR Servs. Corp. v New York State Div. of Human Rights*, 11 AD3d 609, 610 [2004]; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 57 [1996]). Mastro, J.P., Florio, Eng and Sgroi, JJ., concur.