*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 25, 2016                520714
_____

In the Matter of NEW YORK
    STATE DIVISION OF HUMAN
    RIGHTS et al.,
                    Petitioners,
        v                                 MEMORANDUM AND JUDGMENT

DAVID MIRANDA et al.,
                    Respondents.
_____

Calendar Date:  January 12, 2016

Before:  Peters, P.J., McCarthy, Rose and Lynch, JJ.

_____

        Caroline J. Downey, New York State Division of Human
Rights, New York City (Michael K. Swirsky of counsel), for New
York State Division of Human Rights, petitioner.

        Law Office of Christopher J. Watt, Saratoga Springs
(Christopher J. Watt of counsel), for Pamela Burns and another,
petitiones.

_____

Rose, J.

        Proceeding pursuant to Executive Law § 298 (transferred to
this Court by order of the Supreme Court, entered in Saratoga
County) to enforce an order of the Commissioner of Human Rights,
among other things, awarding damages to petitioners Pamela Burns
and Jane M. Anderson.

        Petitioners Pamela Burns and Jane M. Anderson (hereinafter
collectively referred to as petitioners) were formerly employed
as waitresses by respondent Nonnopapa Enterprises, Inc., doing
business as The Big Apple Restaurant (hereinafter the

restaurant).  Petitioners filed complaints with petitioner State Division of Human Rights (hereinafter SDHR) charging respondents with, among other things, sex-based employment discrimination in violation of the Human Rights Law (see Executive Law § 296 [1]). After a hearing, an Administrative Law Judge (hereinafter ALJ) found that petitioners were exposed to a hostile work environment and recommended that all respondents be held liable to petitioners for $25,000 each in damages for their mental pain and suffering.  The Commissioner of Human Rights then adopted the ALJ's recommendations and, ultimately, SDHR and petitioners commenced this proceeding pursuant to Executive Law § 298 seeking to enforce the Commissioner's order.

Respondents did not seek judicial review of the Commissioner's order and have not appeared in this proceeding. Nevertheless, we are "required to review the record to determine whether the underlying finding is supported by substantial evidence" (Matter of New York State Div. of Human Rights v Young Legends, LLC, 90 AD3d 1265, 1266 [2011] [internal quotation marks and citation omitted]; see Matter of Arcuri v Kirkland, 113 AD3d 912, 913-914 [2014]).  Here, both petitioners testified that they were sexually harassed on a daily basis by respondent Dominick Paduano, the restaurant's head chef.  According to petitioners, Paduano's harassment consisted of repeated lewd gestures, demeaning comments and graphic descriptions of his oft-stated desire to engage in various sexual acts with petitioners.  Burns testified that Paduano's comments made her "so upset inside [that] it was hard to even continue to go back out and wait on a customer."  Similarly, Anderson testified that Paduano's conduct caused her to feel extreme anxiety, stress, fear and depression. Although petitioners made numerous complaints to respondent David Miranda, a co-owner of the restaurant who was often present in the kitchen and witnessed Paduano's conduct, Miranda refused to take any action to remedy the situation.

We find ample support in the record for the Commissioner's determination that petitioners were exposed to a hostile work environment as a result of sexual harassment (see Matter of Rensselaer County Sheriff's Dept. v New York State Div. of Human Rights, 131 AD3d 777, 778-780 [2015]).  There is also support for the Commissioner's imposition of personal liability against

Miranda for condoning Paduano's harassing conduct (see Tidball v Schenectady City Sch. Dist., 122 AD3d 1131, 1132 [2014]; see also Matter of State Div. of Human Rights v St. Elizabeth's Hosp., 66 NY2d 684, 687 [1985]). Further, petitioners are "entitled to enforcement of the Commissioner's order against [the restaurant] . . . through [Miranda's] ownership interest" (Matter of New York State Div. of Human Rights v Young Legends, LLC, 90 AD3d at 1267). Inasmuch as the restaurant and Miranda are independently liable for violating Executive Law § 296 (1), their participation in the discriminatory conduct serves as a predicate for the imposition of personal liability against Paduano pursuant to Executive Law § 296 (6) for aiding and abetting his employer's violations (see Murphy v ERA United Realty, 251 AD2d 469, 471-473 [1998]; compare Matter of Medical Express Ambulance Corp. v Kirkland, 79 AD3d 886, 888 [2010], lv denied 17 NY3d 716 [2011]; Strauss v New York State Dept. of Educ., 26 AD3d 67, 73 [2005]).

We reach a different conclusion as to the personal liability of respondent Guy Benacquista, the other co-owner of the restaurant. While the record suggests that he was present at the restaurant during the relevant time period, there is no evidence that he ever observed Paduano's harassing conduct. Furthermore, Anderson gave no testimony that she ever complained directly to Benacquista, and Burns testified that she did not bring her concerns to him until her last day of work. Burns further stated that Miranda specifically told her that he would not approach Benacquista with her concerns. "Thus, SDHR failed to satisfy its 'affirmative burden' to prove that [Benacquista] condoned the discriminatory conduct" (Matter of New York State Div. of Human Rights v Young Legends, LLC, 90 AD3d at 1269, quoting Matter of State Univ. of N.Y. at Albany v State Human Rights Appeal Bd., 81 AD2d 688, 689 [1981], affd 55 NY2d 896 [1982]).

Finally, we find that the Commissioner's award of $25,000 each in damages to petitioners for their mental pain and suffering was "reasonably related to the wrongdoing, supported by the record and comparable to other awards for similar injuries" (Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights, 53 AD3d 823, 826 [2008]; see Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d

207, 219 [1991]).  Burns testified that, prior to working at the restaurant, she was a victim of rape, and that Paduano's conduct made her feel as though she was "letting [her]self be victimized again."  Her resulting distress required her to reach out to her rape crisis counselor.  Anderson testified that, as a result of the harassment, she began seeing a psychologist and was prescribed anti-anxiety medication, which she was still taking at the time of the hearing.  In light of this uncontradicted testimony, and the fact that the award is commensurate with damages awards granted under similar circumstances (see e.g. Matter of West Taghkanic Diner II, Inc. v New York State Div. of Human Rights, 105 AD3d 1106, 1107-1109 [2013]; Matter of New York State Div. of Human Rights v Young Legends, LLC, 90 AD3d at 1270), we decline to disturb it.

        Peters, P.J., McCarthy and Lynch, JJ., concur.

        ADJUDGED that the order of the Commissioner of Human Rights is modified, without costs, by annulling so much thereof as found respondent Guy Benacquista personally liable for discriminatory conduct toward petitioners, and, as so modified, confirmed.

                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court