Matter of G.P. v N.Y. State Div. of Human Rights (2019 NY Slip Op 04280)





Matter of G.P. v N.Y. State Div. of Human Rights


2019 NY Slip Op 04280


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Friedman, J.P., Gische, Webber, Gesmer, Moulton, JJ.


9481 101138/17

[*1]In re G.P., Petitioner,
v
N.Y. State Division of Human Rights, et al., Respondents.


G.P., petitioner pro se.
Caroline J. Downey, State Division of Human Rights, Bronx (Michael K. Swirsky of counsel), for N.Y. State Division of Human Rights, respondent.
Zachary W. Carter, Corporation Counsel, New York (Jonathan Popolow of counsel), for New York City Department of Homeless Services, respondent.



Final order of respondent New York State Division of Human Rights (DHR), dated July 6, 2017, which dismissed petitioner's housing discrimination and retaliation complaint, unanimously confirmed, without costs, the petition denied, and the proceeding (transferred to this Court pursuant to Executive Law § 298 by order of Supreme Court, New York County [Arlene P. Bluth, J.], entered February 7, 2018) dismissed.
DHR's findings that respondent Department of Homeless Services (DHS) did not unlawfully discriminate against or retaliate against petitioner in connection with her residency at or transfer from a homeless shelter are supported by substantial evidence (see Matter of White v New York State Div. of Human Rights, 160 AD3d 448 [1st Dept 2018]; see Executive Law § 298). DHR's factual determinations are accorded substantial deference (Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept., 71 NY2d 623, 630 [1988]), and the court "may not substitute its judgment for that of the agency or pass on the credibility of witnesses where conflicting evidence exists" (State Div. of Human Rights v Dynasty Hotel, 222 AD2d 263, 264 [1st Dept 1995]).
Contrary to petitioner's contention, the Commissioner of DHR, or her designee, "is not required to adhere to the ALJ's findings of fact or credibility, and [is] free to reach her own determination, so long as it [is] supported by substantial evidence" (Matter of Hartley Catering, Inc. v New York State Div. of Human Rights, 66 AD3d 1022, 1023 [2d Dept 2009] [internal quotation marks omitted]). Nor was the Commissioner, or her designee, required to recuse herself (see 9 NYCRR 465.17[c][3]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK