Matter of New York State Div. of Human Rights v Winnie

2026 NY Slip Op 03041

May 14, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of New York State Division of Human Rights, Petitioner,

v

Derek Winnie et al., Respondents.

Decided and Entered:May 14, 2026

CV-25-0535

Calendar Date: March 23, 2026

Before: Clark, J.P., Ceresia, Fisher, Powers And Corcoran, JJ.

Melissa Franco, New York State Division of Human Rights, Bronx (Kimberly Fong of counsel), for petitioner.

Derek Winnie, Saugerties, respondent pro se.

[*1]

Powers, J.

Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to enforce an order of the Commissioner of Human Rights, among other things, awarding damages to respondents Heidy Trees and Craig Ostrander.

Respondents Heidy Trees and Craig Ostrander (hereinafter collectively referred to as the tenants) filed a complaint with petitioner in 2017 alleging that respondents Saugerties Self Storage Inc. and Derek Winnie, the officer and manager thereof (hereinafter collectively referred to as respondents), had engaged in unlawful discriminatory housing practices under the Human Rights Law (see Executive Law § 290 et seq.). Specifically, the tenants alleged that respondents failed to accommodate Ostrander's disabilities when renting an apartment in the Town of Saugerties, Ulster County, by, among other things, requiring a pet deposit and monthly fee for Ostrander's service animal and took steps to induce the tenants to move out of the apartment.

After a hearing, an Administrative Law Judge (hereinafter ALJ) issued a recommended order in favor of dismissal of the complaint. Petitioner objected and the hearing was reopened with the explicit directive that the ALJ consider certain evidence. Nevertheless, the ALJ again recommended dismissal and petitioner again objected. Petitioner's adjudication counsel then issued an alternative proposed order recommending that the complaint be sustained as respondents were liable for housing discrimination in violation of the Human Rights Law and proposed an award of compensatory and punitive damages to the tenants with a civil fine and penalty assessed against respondents (see generally 9 NYCRR 465.17 [c] [2]). Winnie FN1 objected and, in November 2022, the Commissioner of Human Rights issued a final order which sustained the complaint and adopted the recommendations of the adjudication counsel's alternative proposed order.FN2

Petitioner commenced this proceeding pursuant to Executive Law § 298 in 2024, to review and enforce the Commissioner's final order because respondents had failed to remit payment as required thereunder. Winnie, proceeding in a self-represented capacity, objected, and petitioner replied. Supreme Court transferred the proceeding to this Court (see Executive Law § 298).

Initially, to the extent Winnie's submission to this Court can be read as challenging the propriety of the adoption of the alternate proposed order, this was not in error (see 9 NYCRR 465.17 [c] [2]; Matter of Janitronics, Inc. v New York State Div. of Human Rights, 239 AD3d 1190, 1191-1192 [3d Dept 2025]; Matter of R & B Autobody & Radiator, Inc. v New York State Div. of Human Rights, 31 AD3d 989, 990 [3d Dept 2006]). Moreover, Winnie seems to suggest that the present proceeding is barred by the prior small claims action brought against him in Kingston City Court by the tenants. This assertion is patently without merit as that court would have been without jurisdiction to entertain [*2]any Human Rights Law claim even if it had been raised, which it was not (see Mentiply v Foster, 239 AD3d 1070, 1073 [3d Dept 2025], lv denied 44 NY3d 911 [2026]; see generally Executive Law § 298).

The determination that respondents had discriminated against the tenants in violation of Human Rights Law is supported by substantial evidence. It is an unlawful discriminatory practice for a person having the right to rent a housing unit "[t]o refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a] person with a disability equal opportunity to use and enjoy a dwelling" (Executive Law § 296 [18] [2]).FN3 Thus, under the facts presented, to establish a violation the tenants were required to demonstrate that Ostrander is disabled and that, due to that disability, a dog may be necessary to use and enjoy the apartment and that reasonable accommodations could be made which would allow him to keep the dog (see Matter of 1 Toms Point Lane Corp. v New York State Div. of Human Rights, 176 AD3d 930, 931-932 [2d Dept 2019]; Matter of Kennedy St. Quad, Ltd. v Nathanson, 62 AD3d 879, 880 [2d Dept 2009], lv denied 13 NY3d 714 [2009]; Matter of One Overlook Ave. Corp. v New York State Div. of Human Rights, 8 AD3d 286, 287 [2d Dept 2004], lv denied 5 NY3d 714 [2005]).

"When reviewing [a] finding that a party engaged in unlawful discrimination, this Court's review is limited to determining whether substantial evidence supports the determination" (Matter of Janitronics, Inc. v New York State Div. of Human Rights, 239 AD3d at 1193 [citations omitted]; see Executive Law § 298; Matter of New York State Div. of Human Rights v Miranda, 136 AD3d 1240, 1241 [3d Dept 2016]). "In such an analysis, we may not weigh the evidence or substitute our judgment for that of [petitioner] even where the evidence is conflicting and room for choice exists" (Matter of Gifford v McCarthy, 137 AD3d 30, 36 [3d Dept 2016] [internal quotation marks and citations omitted]). "In view of [petitioner's] expertise in assessing discrimination claims, [its] determinations are entitled to [great] deference" (Matter of ABD Engrs. LLP v New York State Div. of Human Rights, 225 AD3d 982, 983 [3d Dept 2024] [citation omitted]; see Matter of Arcuri v Kirkland, 113 AD3d 912, 914 [3d Dept 2014]).

It is uncontested that Ostrander was disabled. The record before petitioner included letters from Ostrander's physician explaining that the use of his dog, who was trained to assist in daily tasks, was necessary for his independence and quality of life. Ostrander had provided Winnie with these letters and, nevertheless, Winnie required the payment of a pet deposit and monthly pet fee. Then, when the tenants did not pay, Winnie intentionally made their lives in the apartment miserable in what ultimately ended up being a successful attempt to get them to vacate the apartment. This included, but was in no way limited to, blocking the ramp [*3]Ostrander utilized to access the apartment by parking vehicles and placing large items in front of it, and playing music at an excessive volume on a radio in an area inaccessible to the tenants on-end for 28 days. Although Winnie testified during the fact-finding hearing that he either did not do the complained of actions or that these actions were not related to Ostrander's disability, when interviewed by a law enforcement officer contemporaneously with the underlying events, he stated that he was, in fact, intentionally bothering the tenants to get them to move out of the apartment because Ostrander had a service dog that they were not paying for. Considering the foregoing and according due deference to petitioner's credibility assessments and factual determinations, there is substantial evidence to support that respondents violated Executive Law § 296 (18) (2) by refusing to allow Ostrander — a disabled individual — a reasonable accommodation allowing him to keep the dog (see Matter of 1 Toms Point Lane Corp. v New York State Div. of Human Rights, 176 AD3d at 932; Mozaffari v New York State Div. of Human Rights, 63 AD3d 643, 644 [1st Dept 2009]; compare Matter of Kennedy St. Quad, Ltd. v Nathanson, 62 AD3d at 880; Matter of One Overlook Ave. Corp. v New York State Div. of Human Rights, 8 AD3d at 287).

We also see no reason to disturb the damages awarded or penalty imposed (see Matter of Janitronics, Inc. v New York State Div. of Human Rights, 239 AD3d at 1195). The award of compensatory damages was proper as it was reasonably related to the wrongdoing and comparable with awards for similar injuries (see Matter of New York State Div. of Human Rights v Hilpl, 125 AD3d 1318, 1318 [4th Dept 2015]; Matter of State Div. of Human Rights v Muia, 176 AD2d 1142, 1144-1145 [3d Dept 1991]). The imposition and amount of punitive damages was not an abuse of discretion, was within the scope of petitioner's statutory authority and is "appropriate as a deterrent against housing discrimination" (Matter of State Div. of Human Rights v Weichert, 229 AD3d 1236, 1237 [4th Dept 2024] [internal quotation marks and citation omitted]; see Executive Law § 297 [4] [c] [iv]; Matter of Matteo v New York State Div. of Human Rights, 306 AD2d 484, 485 [2d Dept 2003]). Finally, the issuance of a $15,000 civil fine and penalty was also within the scope of petitioner's statutory authority and was not an abuse of discretion (see Executive Law § 297 [4] [c] [vi]; Matter of State Div. of Human Rights v C & A Cent. Realty, Inc., 240 AD3d 439, 440 [1st Dept 2025]; Matter of Jacobs v New York State Div. of Human Rights, 131 AD3d 883, 884 [1st Dept 2015]; see also Matter of Gifford v McCarthy, 137 AD3d at 43).

Clark, J.P., Ceresia, Fisher and Corcoran, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition granted.

Footnotes

Footnote 1

Winnie only signed the objection on behalf of himself and, therefore, we construe it to be as much.

Footnote 2

The caption was also amended to reflect Trees' name change.

Footnote 3

Executive Law § 296 has since been amended to specify that this "includ[es] the use of an animal as a reasonable accommodation to alleviate symptoms or effects of a disability" (Executive Law § 296 [18] [2], as amended by L 2020, ch 137).