In the Matter of CARMEN CANALES, Petitioner, v TINO HERNANDEZ, as Chairman of the New York City Housing Authority, et al., Respondents. [787 NYS2d 261]—

Determination by respondents, dated April 2, 2003, excluding petitioner's son from her public housing apartment on the ground of nondesirability, unanimously confirmed, the petition denied and this proceeding (transferred to this Court by order of Supreme Court, New York County [William A. Wetzel, J.], entered December 15, 2003) dismissed, without costs.

The determination is supported by substantial evidence and is not arbitrary or capricious. Although the evidence indicates petitioner's son does have a "handicap" as defined under the Fair Housing Amendments Act of 1988 (*cf. Johnson v Maynard*, 2003 WL 548754, *1, 2003 US Dist LEXIS 2676, *2 [SD NY, Feb. 25, 2003], involving employment accommodations under the Americans with Disabilities Act), such status does not require the Housing Authority to provide him with residential accommodation where it would jeopardize the health, safety or property of others (42 USC § 3604 [f] [9]). Even if substitution of an electric stove for the gas stove he had disconnected were possible, this would not necessarily prevent other impulsive

behavior. The son was also convicted of throwing a glass bottle at a police officer, and his "acting out" incident of July 2001 was serious enough to warrant a three-month hospitalization.

The son was receiving mandatory assisted outpatient treatment at the time of the hearing officer's decision, but he had stopped undergoing treatment before the incident at issue, despite a prior diagnosis of paranoid schizophrenia. The most recent progress reports submitted in evidence revealed that he was still failing to attend some of his programs, and although he acknowledged his anger could lead to impulsive behavior, he was still unable to articulate it.

Petitioner claims the Housing Authority already has a Borough Social Services Division that can assist her son in complying with his treatment program. However, for Housing Authority personnel to monitor this individual's treatment program would be akin to providing a supportive social service, which is contrary to 24 CFR 100.204, fundamentally altering the program (see Department of Housing and Urban Development, Implementation of Fair Housing Amendments Act of 1988, 54 Fed Reg 3232, 3249 [1989]; see also Johnson, 2003 WL 548754, *6, 2003 US Dist LEXIS 2676, *16). Nor are we persuaded by petitioner's assertion that the Authority is precluded from using the direct-threat exception on the ground that it has not yet attempted a reasonable accommodation (see Arnold Murray Constr., L.L.C. v Hicks, 621 NW2d 171, 175 [SD 2001]).

Once the son is excluded from Authority housing, his mental health service team can be expected to assist him in obtaining supportive housing. As indicated by respondent, regular compliance with his counseling and medication regime may improve his condition sufficiently to allow petitioner to submit a future application to remove the exclusion. Concur—Nardelli, J.P., Andrias, Ellerin, Marlow and Sweeny, JJ.