OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
The record supports the City Court’s determination that tenant, who suffers from schizo-affective disorder, is handicapped within the meaning of the Fair Housing Amendments Act of 1988 (42 USC § 3601 et seq. [FHAA]; see 42 USC § 3602 [h]) and that the clutter conditions in the apartment, now removed, were a result of his disorder. The record also supports the City Court’s determination that, through the treatment program and assistance that St. Joseph’s Medical Center had given tenant (and had committed to continue giving him), tenant’s condition was shown to have greatly improved. While the FHAA does not require a landlord to abide conduct constituting a nuisance, it does, in the circumstances presented, require that tenant be accommodated to the extent of being afforded an opportunity to continue to reside in the apartment pursuant to the aforementioned treatment program (42 USC § 3604 [f]; see Blalock v Amityville Senior Dev. Corp., NYLJ, Nov. 12, 1999, at 36, col 3 [ED NY]; Roe v Housing Auth. of City of Boulder, 909 F Supp 814 [D Colo 1995]; Roe v Sugar River Mills Assoc., 820 F Supp 636 [D NH 1993]). Accordingly, the City Court properly dismissed the petition.
Rudolph, EJ, Angiolillo and Tanenbaum, JJ, concur.