■ In the Matter of 105 NORTHGATE COOPERATIVE et al., Petitioners, v MICHELLE CHENEY DONALDSON et al., Respondents. [863 NYS2d 469]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Division of Human Rights dated October 2, 2006, which, after a hearing before an administrative law judge, found that the petitioner 105 Northgate Tenants Corp. discriminated against the complainant in the terms, conditions, and privileges of the rental of a housing accommodation because of disability, and unlawfully refused to reasonably accommodate the disability, by withholding permission for the complainant to own and maintain a companion dog, and awarded the complainant the sums of $5,000 in compensatory damages and $5,000 in punitive damages.

Adjudged that the petition is granted, on the law, with costs, and the determination is annulled.

In March 2005 the complainant submitted, to the petitioners, a brief note from her internist stating that having a pet would be "medically and psychologically beneficial" for her "chronic depression." In response, the petitioner 105 Northgate Tenants Corp. (hereinafter Northgate) advised her, by letter dated March 24, 2005, that the rules of the cooperative housing corporation that it operated permitted her to have up to two cats, but that dogs were prohibited. In a letter dated April 12, 2005, the complainant made a second request, this time specifically asking for permission to have a dog. With her second letter, the complainant submitted another brief note from her internist, which included a conclusory assertion that the complainant's "having a dog is both theraputic [*sic*] and necessary in working through her disability." Northgate responded with a letter, dated April 22, 2005, requesting more detailed information supporting the complainant's need to have a dog. Three weeks later, without having provided Northgate any further information, the complainant filed a verified complaint with the New York State Division of Human Rights (hereinafter the SDHR) alleging that, in violation of the Human Rights Law (Executive Law § 296), the petitioners had engaged in "an unlawful discriminatory practice relating to housing because of disability."

After a hearing held before an administrative law judge, the Commissioner of the SDHR, Michelle Cheney Donaldson, up-

held the complaint and awarded the complainant the sums of $5,000 in compensatory damages and $5,000 in punitive damages. The petitioners commenced the instant proceeding to review the determination. We grant the petition and annul the determination.

On the record presented, the complainant failed to demonstrate, through either medical or psychological expert testimony or evidence, that she required a dog in order to use and enjoy her apartment unit (*see Matter of One Overlook Ave. Corp. v New York State Div. of Human Rights,* 8 AD3d 286, 287 [2004]), and failed to establish that, by requesting more information, the petitioners had denied her request for a reasonable accommodation. Accordingly, the challenged determination was not supported by substantial evidence (*cf. 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176 [1978]). Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur.