Proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated June 8, 2007, which, after a hearing, found that the petitioners had discriminated against Evelyn Lymus in the use and enjoyment of her housing accommodation because of her age and disability when they revoked her parking space on the stated ground that she did not own a motor vehicle, awarded her $5,000 for mental anguish and $10,000 in punitive damages, and directed that the petitioners grant Evelyn Lymus the next available paid parking space, and the respondent New York State Division of Human Rights cross-petitions pursuant to Executive Law § 298 to enforce the determination.
Adjudged that the petition is granted, on the law, with costs, the cross petition is denied, the determination is annulled, and the complaint is dismissed.
At the time of the hearing, the complainant was 77 years old and had lived in the petitioners’ building for 37 years. At the time she first entered into an agreement for a parking space, she was a licensed driver and owned a car registered in the State of New York. However, when she became visually impaired *478 in 1994 or 1995 she was no longer a licensed driver and no longer owned a motor vehicle. After complainant no longer owned a vehicle, her home attendants and guests used her parking space.
In 2002 an audit of all parking license agreements revealed that the complainant no longer owned a vehicle and the petitioners notified her that her parking license would be revoked. In a letter appealing from that determination, her attorney stated that the complainant needed the parking space “to facilitate the visits” of her caregivers, who used the parking space “regularly.” Her appeal was denied, and the revocation took effect on March 31, 2003.
At the hearing, the complainant’s sister testified that since the complainant lost her parking space, she had to park on the street when she visited the complainant. The complainant’s sister would drive her to her doctor and to other appointments. If the sister was unable to find a parking space close by, she would stop in a “little walkway” in the building parking lot, leave the car, go inside the building, and bring the complainant to the car. The building security guard would allow her to do that, once he was assured that she was not staying.
The petitioners noted that no temporary parking was provided for caregivers. The “yellow” area where the complainant’s sister parked temporarily was used for discharging and loading passengers and groceries.
At the conclusion of the hearing, the Administrative Law Judge determined that the petitioners “did not provide a reasonable accommodation for complainant’s disability in violation of the Human Rights Law.” We annul the determination.
The Human Rights Law provides that it is an unlawful discriminatory practice to “refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford said person with a disability equal opportunity to use and enjoy a dwelling” (Executive Law § 296 [18] [2]). To establish a violation of the Human Rights Law for failure to provide a reasonable accommodation, the complainant must establish a disability, the accommodation may be necessary in order for the complainant to use and enjoy his or her apartment, and the building owner refuses to make such an accommodation (see Matter of One Overlook Ave. Corp. v New York State Div. of Human Rights, 8 AD3d 286 [2004]). Under certain circumstances, a building owner may be required to grant a disabled tenant a parking space for his or her own use, as a reasonable accommodation for the tenant’s disability (see Shapiro v Cadman Towers, Inc., 51 F3d 328 [1995]; Hubbard v Samson Mgt. Corp., 994 F Supp 187 [1998]).
*479 However, the complainant is not seeking parking for herself, but rather for her caregivers. This is an entirely different service, not provided to nondisabled tenants who may also have caregivers such as baby-sitters (see Matter of Canales v Hernandez, 13 AD3d 263 [2004]).
Further, the complainant failed to demonstrate that she was denied a reasonable accommodation for her disability (see Matter of 105 Northgate Coop. v Donaldson, 54 AD3d 414 [2008]). There is no evidence that the complainant requested a reasonable accommodation: what she requested was continuation of her license for a parking space. Further, the evidence established that vehicles were permitted to stop in the “yellow” area of the parking lot for discharging and loading passengers such as the complainant.
In view of the foregoing, the challenged determination is not supported by substantial evidence and must be annulled, the petition granted, the cross petition denied, and the complaint dismissed (see Matter of 105 Northgate Coop. v Donaldson, 54 AD3d 414 [2008]). Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.