OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and tenant’s motion, in effect, to vacate the stipulation of settlement and the final judgment entered pursuant thereto is granted.
In this holdover proceeding commenced in October 2010 based upon a clutter condition in the subject apartment, the petition, which alleges that the apartment is decontrolled, fails to allege that the apartment is in a building that receives a project-based Section 8 subsidy. After the proceeding was adjourned a number of times, during which period the conditions in the apartment remained uncured, the parties entered into a stipulation of settlement providing that tenant would move out by July 31, 2011 unless the apartment passed an inspection on July 12, 2011, in which event tenant would be permitted to remain in the apartment until August 31, 2011. Thereafter, tenant moved, in effect, for relief from the stipulation and the final judgment entered pursuant thereto, alleging, among other things, that the apartment had passed inspection on July 12, 2011; that he believed that if the apartment passed inspection he would be permitted to remain in the apartment; and that he was entitled to a reasonable accommodation under the Fair Housing Amendments Act (FHAA) (42 USC § 3601 et seq.; see generally Overlook Mut. Homes, Inc. v Spencer, 415 Fed Appx 617 [6th Cir 2011]; RCG-UA Glenwood, LLC v Young, 9 Misc 3d 25 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). The City Court denied tenant’s motion.
In our view, tenant’s motion should have been granted. As tenant contends on appeal, pursuant to RPAPL 741, a petition must state the facts upon which the proceeding is based. Where a tenancy is subject to a specific type of regulation, the petition must set forth the tenant’s regulatory status, because this status may determine the scope of the tenant’s rights (see Matter of *37 Volunteers of Am.-Greater N.Y., Inc. v Almonte, 65 AD3d 1155 [2009], affg 17 Misc 3d 57 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; Cintron v Pandis, 34 Misc 3d 152[A], 2012 NY Slip Op 50309[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). A petition which fails to satisfy this requirement is subject to dismissal. While a defect of this nature may be overlooked where no prejudice results to the tenant (see 17th Holding v Rivera, 195 Misc 2d 531 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]; see also Coalition Houses L.P. v Bonano, 12 Misc 3d 146[A], 2006 NY Slip Op 51516[U] [App Term, 1st Dept 2006]), here, it cannot be said that landlord’s failure to make the required allegation was not prejudicial to tenant, as the stipulation may have been the product of tenant’s counsel’s lack of knowledge of the fact that tenant stood to lose a Section 8 subsidy. Thus, the stipulation should be vacated as inadvisedly entered into (see Matter of Frutiger, 29 NY2d 143 [1971]).
In view of this result, we do not at this juncture reach the issues raised by tenant’s request for a reasonable accommodation under the FHAA.
Accordingly, the order is reversed and tenant’s motion, in effect, to vacate the stipulation of settlement and the final judgment entered pursuant thereto is granted.
Nicolai, EJ., Iannacci and LaSalle, JJ., concur.