■ In the Matter of LORETTA HOBBS, Petitioner, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [10 NYS3d 58]—

Determination by respondents, dated August 7, 2013, terminating petitioner's tenancy on the grounds of undesirability and violation of provisions of the lease and rules and regulations, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Cynthia S. Kern, J.], entered Apr. 25, 2014) dismissed, without costs.

The agency's determination that, among other things, petitioner caused a fire in her apartment by lighting a candle in a closet containing clothing, is supported by substantial evidence (*see Matter of Forman v New York City Hous. Auth.*, 66 NY2d 899 [1985], *revg on dissent below* 110 AD2d 516, 516-520 [1st Dept 1985]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182 [1978]). The record also

shows that petitioner had a prior fire in her apartment and that she kept two unregistered pit bull terrier dogs in her apartment. Respondents' refusal to accommodate petitioner by continuing her tenancy subject to the agency's continued monitoring of her mental health and fire safety compliance did not violate the Americans with Disabilities Act or the Fair Housing Amendments Act of 1988 (*see* 42 USC § 3604 [f] [2], [3] [B]; [9]; 42 USC § 12132; *Matter of Canales v Hernandez*, 13 AD3d 263, 264 [1st Dept 2004]).

Under the circumstances, the penalty of termination is not shockingly disproportionate to the offense (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.