529 West 29th LLC, Petitioner-Landlord-Appellant, 
against
Jose Reyes, Respondent-Tenant-Respondent.



Landlord appeals from so much of a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered on or about March 27, 2018, after a nonjury trial, which, in awarding possession to landlord in a holdover summary proceeding, conditionally stayed issuance of the warrant of eviction through September 26, 2018.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered on or about March 27, 2018, insofar as appealed from, affirmed, with $25 costs.
Landlord commenced this holdover proceeding upon allegations that tenant breached the lease and committed a nuisance. The trial evidence showed, and the court expressly found, that tenant committed a nuisance by engaging in "a pattern of conduct that led to two fires in three months" in his apartment (see generally Domen Holding Co. v Aranovich, 1 NY3d 117, 124 [2003]). Neither the court's factual findings nor the portion of the final judgment awarding landlord possession of the premises are now challenged on appeal by tenant. The sole issue now before us on landlord's appeal is whether the trial court properly stayed issuance of the warrant of eviction for six months as a "reasonable accommodation" to the tenant under the Fair Housing Act [FHA] (see 42 USC §§ 3604[f][2][A], [3][B]). We hold that it did.
Initially, we find that the evidence presented at trial by tenant, including expert testimony by a clinical psychologist, supports the court's determination that tenant suffers from schizophrenia and unspecified mood disorder, and is therefore handicapped within the meaning of the FHA (see 42 USC § 3602[h]; RCG-UA Glenwood, LLC v Young, 9 Misc 3d 25 [App Term, 2d Dept 2005]; Lee v McCreary, 2010 WL 925173, *5 [ND Ga, March 8, 2010, No. 1:09-CV-2271-RWS]; see also Matter of Prospect Union Assoc. v DeJesus, 167 AD3d 540, 543 [2018] ["No specific diagnosis is necessary for a person to be 'handicapped' and protected under the statute [and] the determination may even be based upon the observations of a lay person"]).
Under the FHA, a landlord is obligated to provide a handicapped tenant with a reasonable [*2]accommodation if necessary for the tenant to keep his or her apartment (see 42 USC 3604[f][3][B]). Although a landlord is not required to provide a reasonable accommodation to an individual "whose tenancy would constitute a direct threat to the health or safety of other individuals or whose tenancy would result in substantial physical damage to the property of others" (42 USC § 3604[f][9]), the landlord is obligated to either reasonably accommodate the tenant's handicap or show that no reasonable accommodation will eliminate or acceptably minimize the risk posed by the handicapped tenant (see Sinisgallo v Town of Islip Hous. Auth., 865 F Supp 2d 307, 341 [ED NY 2012]; Matter of Prospect Union Assoc. v DeJesus, 167 AD3d at 543 ["A landlord does not have to provide a reasonable accommodation if it puts other tenants at risk, but should consider whether such risks can be minimized"]).
In this case, we are satisfied by the trial court's detailed factual findings, based upon expert testimony, that tenant's condition has greatly improved as a result of an intensive treatment program and social service assistance, and that the continuation of the tenancy, subject to a probationary period, will acceptably minimize the risk he posed to other residents. The trial court expressly found that:
"since the fires, [tenant] has been diagnosed, for the first time, with schizophrenia, and has embarked on a new treatment program that appears to have made a marked change in his behavior. Dr. Jay Crosby testified at the trial that [tenant] entered an intensive treatment program called "On Track" at Bellevue Hospital, in January 2017. The program is designed for young adults with schizophrenia and other psychoses who are within the first two years after their first psychotic episode. [Tenant] takes prescribed medication for his illness and is seen frequently by medical and social service providers at the program. Dr. Crosby testified that [tenant] has shown marked improvement since he started in the program. The improvement is documented in his medical records. Further, there is no evidence of repeated nuisance behavior since [tenant] started treatment at "On Track."
In these particular circumstances, the stay of execution of the warrant of eviction for a six-month probationary period was an objectively reasonable accommodation of tenant's disability (see Matter of Prospect Union Assoc. v DeJesus, 167 AD3d at 544 [hearing required on whether tenants are entitled to a permanent stay of eviction as a reasonable accommodation, that is, whether with ongoing supportive services and suitable monitoring by subsequently appointed article 81 guardian, tenants can continue to live an orderly existence in the apartment without harming or affecting their neighbors]; RCG-UA Glenwood, LLC v Young, 9 Misc 3d at 26 [FHA required landlord accommodate tenant, who committed a nuisance, by allowing tenant to reside in apartment pursuant to a treatment program for schizo-affective disorder, where tenant's condition has greatly improved as a result of such program]; Sinisgallo v Town of Islip Hous. Auth., 865 F Supp 2d at 342 [probationary period may be warranted as a "second chance" accommodation after tenant with bipolar disorder attacked a neighbor]).
The cases cited by landlord, such as Matter of Hobbs v New York City Hous. Auth., 128 AD3d 582 (2015) (Housing Authority not required to provide tenant, who caused a fire in his apartment, with reasonable accommodation), do not mandate a contrary result. Whether a requested accommodation is required is highly "fact-specific," requiring a case-by-case determination. "The overarching guiding factor, however, is that a landlord is obligated to [*3]provide a tenant with a reasonable accommodation if necessary for the tenant to keep his or her apartment" (Matter of Prospect Union Assoc. v DeJesus, 167 AD3d at 543). Unlike the cases cited by landlord, here the trial court specifically found that tenant's "new treatment program . . . had a substantial impact on his behavior and offers hope that he can safely live in his current home."
Furthermore, as we have previously noted, the First Department's recent holdings in Matter of Prospect Union Assoc. v DeJesus, 167 AD3d 540 and Matter of Strata Realty Corp. v Pena, 166 AD3d 401 (2018):
"represent a clear departure from the approach previously taken in nuisance cases such as the one before us. While the protection of the premises and the other tenants who reside therein remains paramount, serious efforts must be undertaken to examine whether such risks can be minimized ... to thus afford a reasonable accommodation to a physically or mentally disabled tenant, even for one whose conduct has previously been highly problematic"
(642-654 Whippersnapper LLC v Mahoney, __ Misc 3d __, 2019 NY Slip Op 29099 [App Term, 1st Dept 2019][internal quotation marks and citations omitted]).
Thus, under the particular facts and circumstances of this case, we affirm Civil Court's determination.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 22, 2019