Antonio Migliaccio and Frededrique Bach-Migliaccio, Appellants, 
against
James Childs, Respondent.




Alter & Barbaro, Esqs. (Bernard M. Alter of counsel), for appellant.
Legal Services NYC Brooklyn Branch (Jonathan Twersky of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Eleanora Ofshtein, J.), entered August 15, 2016. The order granted the branch of tenant's motion seeking to dismiss the petition in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs.
In this holdover proceeding, landlords, Antonio Migliaccio, and Frederique Bach-Migliaccio incorrectly suing herein as Frededrique Bach-Migliaccio, allege that the tenancy is unregulated and that tenant's lease expired. Landlords appeal from an order of the Civil Court which granted the branch of tenant's motion seeking to dismiss the petition on the ground that it failed to satisfy the requirements of RPAPL 741.
Pursuant to RPAPL 741, a petition must state, among other things, the interest of the tenant and the facts upon which the proceeding is based. The tenant is entitled to a concise statement of the ultimate facts upon which the proceeding is based (see Giannini v Stuart, 6 AD2d 418 [1958]). Where a tenancy is subject to a specific form of regulation, the petition must set forth the tenant's regulatory status, because this status may determine the scope of the tenant's rights (see Matter of Volunteers of Am.-Greater NY, Inc. v Almonte, 17 Misc 3d 57 [App Term, 2d Dept, 2d & 11th Jud Dists 2007], affd 65 AD3d 1155 [2009]; Brookwood Coram I, LLC v Oliva, 47 Misc 3d 140[A], 2015 NY Slip Op 50607[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; see also 433 W. Assoc. v Murdock, 276 AD2d 360 [2000]). A petition which [*2]contains "fundamental misstatements and omissions" is subject to dismissal (see Jeffco Mgt. Corp. v Local Dev. Corp. of Crown Hgts., 22 Misc 3d 141[A], 2009 NY Slip Op 50455[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
Here, the petition contains fundamental omissions. The petition alleges that the apartment is "not subject to rent regulation by reason of being located in premises of less than six families in which there was a vacancy after July 1, 1971." It is undisputed, however, that, since the commencement of tenant's occupancy in 1988, the apartment has been treated as rent stabilized; that the apartment was registered with the New York State Division of Housing and Community Renewal as rent stabilized in every year except for two between 1984 and 2004; that landlords had provided tenant with a rent-stabilized renewal lease dated August 5, 2011; and, that, in the petition of a 2012 nonpayment proceeding, landlords had alleged that the apartment was subject to rent stabilization. Since the petition fails to set forth that the apartment has been treated as rent stabilized for decades, and facts explaining why tenant's lease is now being considered by landlords for the first time as unregulated, the petition failed to satisfy the requirements of RPAPL 741 and was properly dismissed (see Brookwood Coram I, LLC, 47 Misc 3d 140[A], 2015 NY Slip Op 50607[U]; Cintron v Pandis, 34 Misc 3d 152[A], 2012 NY Slip Op 50309[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; Joseph M. d'Assern Hous. Corp. v Day, 24 Misc 3d 132[A], 2009 NY Slip Op 51377[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; see also Park Props. Assoc., L.P. v Williams, 38 Misc 3d 35 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). The Civil Court did not, and, in view of the foregoing, this court on appeal does not, reach the question of whether the apartment is regulated. 
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 4, 2019