Harway Terrace, Inc. v Petropiento (2021 NY Slip Op 51074(U))

[*1]

Harway Terrace, Inc. v Petropiento

2021 NY Slip Op 51074(U) [73 Misc 3d 137(A)]

Decided on November 12, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 12, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2020-135 K C

Harway Terrace, Inc., Appellant,
against
Nicole Petropiento and Vincent Petropiento, Respondents, et al.,
Undertenants. 

Woods Lonergan, PLLC (Annie E. Causey of counsel), for appellant.
The Legal Aid Society (Charles Alvarez of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cheryl J.
Gonzalez, J.), dated April 26, 2019. The order, insofar as appealed from, upon reargument,
granted tenants' motion to dismiss the petition in a holdover summary proceeding.

ORDERED that the order, insofar as appealed from, is modified by providing that, upon
reargument, tenants' motion to dismiss is granted to the extent of dismissing the petition without
prejudice; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this holdover proceeding, landlord alleges that the tenancy is unregulated and that tenants'
lease expired. Landlord appeals from an order of the Civil Court which, upon reargument,
granted tenants' motion to dismiss the petition. 
A petition must concisely allege, among other things, the interest of the tenant and the facts
upon which the proceeding is based (see RPAPL 741; Giannini v Stuart, 6 AD2d
418 [1958]). Where a tenancy is subject to a specific form of regulation, the petition must set
forth the tenant's regulatory status, because this status may determine the scope of the tenant's
rights (see Brookwood Coram I, LLC v
Oliva, 47 Misc 3d 140[A], 2015 NY Slip Op 50607[U] [App [*2]Term, 2d Dept, 9th & 10th Jud Dists 2015]; Volunteers of Am.-Greater NY, Inc. v
Almonte, 17 Misc 3d 57 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; see
also 433 West Assocs. v Murdock, 276 AD2d 360 [2000]). A petition which contains
"fundamental misstatements and omissions" is subject to dismissal on motion (Jeffco Mgt. Corp. v Local Dev. Corp. of
Crown Hgts., 22 Misc 3d 141[A], 2009 NY Slip Op 50455[U], *2 [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2009]).
The only issue before this court is whether there was a pleading defect, and we find that there
was. It is undisputed that the petition incorrectly states that the apartment is a cooperative
apartment, which claim is the basis for the allegation therein that the apartment is exempt from
rent stabilization. Consequently, the petition failed to satisfy the requirements of RPAPL 741 and
was properly dismissed (see Brookwood Coram I, LLC,[U]; Cintron v Pandis, 34 Misc 3d
152[A], 2012 NY Slip Op 50309[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012];
Joseph M. d'Assern Hous. Corp. v
Day, 24 Misc 3d 132[A], 2009 NY Slip Op 51377[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2009]; see also Park
Props. Assoc., L.P. v Williams, 38 Misc 3d 35 [App Term, 2d Dept, 9th & 10th Jud
Dists 2012]). 
We reach no other issue. 
Accordingly, the order, insofar as appealed from, is modified by providing that, upon
reargument, tenants' motion to dismiss is granted to the extent of dismissing the petition without
prejudice.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 12, 2021