Options for Community Living, Inc. v Walker (2025 NY Slip Op 50220(U))

[*1]

Options for Community Living, Inc. v Walker

2025 NY Slip Op 50220(U)

Decided on February 20, 2025

District Court Of Suffolk, Sixth District

Blake, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 20, 2025
District Court of Suffolk, Sixth District

Options for Community Living, Inc., Petitioner,

against
Renee Walker, Respondent.

Index No. LT-613-23/BR

Attorneys for Petitioner
Russo Karl Widmaier Cordano PLLC
1601 Veterans Memorial Hwy., # 410
Islandia, New York 11749
(631) 265-7200
Attorneys for Respondent
Nassau Suffolk Law Services
400 W. Main Street, Suite 200
Riverhead, New York 11901
(631) 369-1112

Patricia M. Blake, J.

Upon the following papers read on this Motion to Dismiss; Notice of Motion / Order to Show Cause and supporting papers  X; Notice of Cross Motion and supporting papers; Answering Affidavits and supporting papers; Replying Affidavits and supporting papers; Filed papers; Other Exhibits X; (and after hearing counsel in support of and opposed to the motion), after due deliberation, it is hereby:
ORDERED that the motion by the Respondent is decided as follows: the Respondent's Motion to Dismiss the Petition is GRANTED. The Petition is DISMISSED, without prejudice.
On March 13, 2023, Petitioner herein, Options for Community Living, Inc., a not-for-profit corporation and operator of a residential facility (hereinafter, "Landlord"), commenced an action against Respondent herein, Renee Walker (hereinafter, "Tenant"), to recover possession of the real property located at 2303 Wave Avenue, Medford, New York 11763 ("Subject Premises").
Respondent/Tenant now moves pursuant to CPLR § 3211 to dismiss the Petition, or in the alternative, for an extension of time to answer the Petition. Petitioner/Landlord has filed no opposition to the motion.
I. Factual Background
Petitioner/Landlord Options for Community Living, Inc. has alleged that it entered into a lease agreement with Respondent/Tenant Walker, termed a Residency Agreement with Options, dated August 10, 2018 (hereinafter, "Residency Agreement"). (See Petition, ¶ 4).
In 2022, the Petitioner/Landlord sought to terminate the Residency Agreement with Respondent/Tenant Walker due to her alleged violation of the terms of Sections 10 and 29 of the agreement. (See Petition, ¶ 6). No copy of the Residency Agreement was attached to the Petition.
On October 25, 2022, the Petitioner/Landlord served a 90-day Notice of Termination, which outlined several alleged violations of the Residency Agreement, including, smoking, uncleanliness of common areas (including the kitchen and bathroom), and shouting at staff.
On March 13, 2023, Petitioner/Landlord commenced this action against Respondent/Tenant Walker to recover possession of the Subject Premises.
II. Pending Motion
Respondent/Tenant Walker now moves to dismiss the Petition pursuant to CPLR § 3211 on the grounds that (1) that the Petitioner/Landlord has failed to comply with federal regulations prior to terminating a recipient from the program (see Def.'s Aff. at ¶¶ 5-12) and (2) that the Petitioner/Landlord vitiated the termination notice by accepting rent from DSS after the notice of termination of the tenancy (see Def.'s Aff. at ¶¶ 13-15)). Petitioner Landlord has filed no opposition.
Respondent/Tenant Walker contends that Petitioner/Landlord receives funding from the U.S. Department of Housing and Urban Development ("HUD") to operate its residential facility. (See Respondent's Atty Aff. In Support of Motion to Dismiss, ¶ 5). Pursuant to federal regulations, 24 CFR 574.310(e)(2), residential facilities receiving federal funds must comply with certain regulatory requirements prior to terminating assistance to a recipient. (Id. at ¶ 5). Accordingly, Respondent/Tenant Walker argues that the Petitioner/ Landlord's failure to plead her regulatory status renders the Petition defective as a matter of law. (Id. at ¶¶ 9-12). 
RPAPL § 741(4) requires in a summary proceeding, that "the petition shall...state the facts upon which the [] proceeding is based." RPAPL § 741(4). Courts interpreting the statute have held that in order to be entitled to relief in a summary proceeding, a landlord must "plead rent regulatory status and compliance with the appropriate statutes and codes and . . . actually be in compliance therewith." (Villas of Forest Hills v Lumberger, 128 AD2d 701, 702 [2d Dep't 1987]). "Failure to do so renders the petition subject to dismissal." (Fortune Soc'y v Brown, 68 Misc 3d 956, 957, 128 NYS3d 788 [NY Civ Ct, 2020]. See also Park Properties Assocs., L.P. v Williams, 38 Misc 3d 35, 37, 959 NYS2d 798 [App. Term 2012]["[w]here a tenancy is subject to [*2]a specific type of regulation, the petition must set forth the tenant's regulatory status, because this status may determine the scope of the tenant's rights."].
Here, the Petition failed to set forth the applicable rent regulatory status and compliance with the appropriate statutes and codes. In addition, as noted above, the Petition failed to attach a copy of the August 10, 2018 Residency Agreement allegedly breached.
Accordingly, the Respondent/ Tenant's motion to dismiss the Petition is GRANTED, and the Petition is dismissed, without prejudice.
III. Conclusion
By reason of the foregoing, the Respondent/Tenant's motion pursuant to CPLR § 3211 to dismiss the petition is GRANTED. The Petition is DISMISSED, without prejudice.
This shall constitute the decision and Order of the Court.
Dated: February 20, 2025
Patchogue, New York
HON. PATRICIA M. BLAKE