■ MAHMOUD MOZAFFARI, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent, and PATRICIA SCHATZ, Intervenor-Respondent. NEW YORK STATE DIVISION OF HUMAN RIGHTS, Cross Petitioner, v MAHMOUD MOZAFFARI, Cross Respondent, and PATRICIA SCHATZ, Cross Intervenor-Respondent. [881 NYS2d 437]—

Determination of respondent State Division of Human Rights (DHR), dated November 27, 2007, which, after a hearing, found that petitioner Mozaffari had discriminated against intervenor Patricia Schatz, a person with a disability, on the basis of her use of a hearing dog and, inter alia, awarded Schatz $10,000 for mental anguish, unanimously modified, on the facts, to reduce said award to $1,000, the petition granted to that extent, the proceeding, brought pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, Bronx County [Alexander W. Hunter, Jr., J.], entered on or about March 13, 2008), otherwise disposed of by confirming the remainder of the determination, without costs, granting the cross petition for enforcement of the determination as modified, and directing petitioner Mozaffari to comply with the determination as modified.

As the person designated by the Commissioner to issue the final order in this case on her behalf, adjudication counsel was under no obligation to issue a proposed order (see 9 NYCRR 465.17 [c] [3]). DHR issued a modified version of the administrative law judge's (ALJ) recommended order, rejecting some of the ALJ's legal conclusions but relying on the facts found by the ALJ. Nor did adjudication counsel participate in "ex parte" communications. He wrote to Schatz's counsel, with notice to

petitioner Mozaffari's counsel, requesting additional information regarding attorney's fees, specifically limiting submissions to this issue, and affording petitioner's counsel the opportunity to make objections.

The Commissioner's findings that Schatz was disabled within the meaning of Executive Law § 292 (21) and that petitioner Mozaffari failed to provide the reasonable accommodation she requested to afford her an equal opportunity to use and enjoy her apartment (*see* Executive Law § 296 [18] [2]) are "supported by sufficient evidence on the record considered as a whole" and are therefore "conclusive" (Executive Law § 298; *see City of Schenectady v State Div. of Human Rights*, 37 NY2d 421, 424 [1975]). Contrary to petitioner Mozaffari's argument that Schatz did not adequately inform him of or document her need for a hearing dog, by letter dated August 18, 2005, Schatz's attorney informed petitioner that Schatz was suffering from a hearing disability and that she needed a service animal at her apartment in connection with that disability. Attached to the attorney's letter was a letter dated February 22, 2005 from an otologist stating, based upon his examination of Schatz, that she had bilateral hearing loss and would benefit from a hearing dog.

We find that the evidence of severity and duration of Schatz's distress is sufficient to support an award only to the extent indicated, and we modify the determination accordingly (*see Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 217 [1991]).

We have considered petitioner Mozaffari's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Catterson, DeGrasse and Abdus-Salaam, JJ.