Zelmanovich v Eastmore Owners Corp.

2026 NY Slip Op 02479

April 23, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Blanche Zelmanovich, Plaintiff-Respondent,

v

Eastmore Owners Corp., Defendant-Appellant, Adam G. Seidel, Defendant-Respondent.

Decided and Entered: April 23, 2026

Index No. 650443/22|Appeal No. 6464|Case No. 2025-03141|

Before: Manzanet-Daniels, J.P., Kennedy, González, Pitt-Burke, Rosado, JJ.

Litchfield Cavo LLP, New York (Joseph Dimitrov of counsel), for appellant.

Pryor Cashman LLP, New York (Bryan T. Mohler of counsel), for Blanche Zelmanovich respondent.

[*1]

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about April 25, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendant Eastmore Owners Corp. to dismiss the second, third, and fourth causes of action, unanimously affirmed, with costs.

Plaintiff stated causes of action for housing discrimination under the Fair Housing Act (42 USC § 3601 et seq.), the City Human Rights Law (Administrative Code of the City of New York §§ 8-102 and 8-107 et seq.), and the New York State Human Rights Law (Executive Law § 296 et seq.) by pleading that she is a member of a protected class as a disabled person, that she was qualified for the tenancy, that defendant caused her to suffer an adverse action regarding her housing, and that the circumstances surrounding the adverse action gave rise to an inference of discrimination (see Gibson v 526 W. 158th St. Hous. Dev. Fund Corp., 221 AD3d 455, 455 [1st Dept 2023]).

Moreover, plaintiff sufficiently alleges under the relevant statutes that the noise complaints about her medically prescribed emotional support dog, which served as the basis for a notice of default, were inaccurate because her dog was well-behaved and did not bark incessantly, and that some of the complaints were registered at times when the dog was not even in the apartment. At the pleading stage of the litigation, these allegations adequately give rise to an inference of discrimination, as they suggest that Eastmore had no legitimate reason to send plaintiff a notice of default. Plaintiff further alleges that Eastmore sent her the notice of default less than a month after she informed it of her disability, and the close temporal proximity between these two events creates an inference that the notice of default was related to the disability (see Pelepelin v City of New York, 189 AD3d 450, 452 [1st Dept 2020]). In addition, plaintiff pleads facts sufficient to suggest that she was subjected to disparate treatment as compared to her upstairs neighbor, who was also the subject of noise complaints but was not sent a notice of default.

Plaintiff also sufficiently pleads failure to provide a reasonable accommodation under the relevant statutes. Plaintiff alleges that she sent Eastmore a letter from her psychologist explaining that she had severe anxiety and was prescribed an emotional support dog that enables her to enjoy and use her apartment. This allegation, taken as true, adequately pleads that plaintiff made a request for a reasonable accommodation (see Mozaffari v New York State Div. of Human Rights, 63 AD3d 643, 644 [1st Dept 2009]). Plaintiff also alleges that Eastmore refused her offer to meet to discuss her dog, thus failing to engage in an interactive process to determine whether a reasonable accommodation was available (see Matter of Masaryk Towers Corp. v New York State Div. of Human Rights, 234 AD3d 493, 493-494 [1st Dept 2025]).

THIS CONSTITUTES THE DECISION AND ORDER
[*2]
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 23, 2026